THE ATTORNEY GENERAL
OF TEXAS
Gerald C. Mann
ATTORNEY GENERAL
AUSTIN 11, TEXAS


Hon. William C. McDonald
County Attorney
Coke County
Robert Lee, Texas

Dear Sir:

Opinion No. O-1836
Re: Is it legal to create a
road district and vote bonds
thereon within a road district
that has already been formed
and has bonds already voted?

We are in receipt of your letter of January 8, in which you request our opinion upon the above captioned question. The facts underlying your question are as follows:

"There is an original road district within Coke County which includes all of Precinct #3, said district being bounded by said Precinct #3 lines. The district now has a bond issue of $25,000 outstanding against the same.

"A group of resident citizens of this precinct and road district desire to form a new district within the said district above referred to, and to vote a $20,000 bond issue thereon, said proposed new district to have the boundary lines of the Water Valley Common School District which is located within said Precinct #3; and the purpose of said bond issue to be for the completion of a school bus route within said district."

The foregoing quotation is taken from your brief.

Articles 752a, et seq., of Vernon's Revised Civil Statutes, prescribe the only manner in which a road district may be created. Article 752a authorizes counties and political subdivisions thereof to issue road bonds, and, likewise, such road districts as may be created by general or special law are authorized to issue road bonds. Article 752b prescribes the manner in which elections shall be held for the purpose of voting the bonds authorized by the preceding article.

Article 752c confers upon the commissioners' courts of the several counties of this State the authority to establish one or more road districts in their respective counties, and limits such authority by its terms. Article 752cc

expressly forbids the overlapping of previously established road districts by districts created under authority of Article 752c, except as specifically permitted under this Act, which reads as follows:

"If any road district, a portion of which is proposed to be incorporated into a new road district, should embrace the whole or any part of any levee improvement district, drainage district, or other improvement district created under any law passed pursuant to Section 52, Article 3, of the Constitution of this State, the territory covered by such other district and other territory adjacent thereto may be excluded from the district sought to be created, but except as herein specifically permitted, no fractional part of a previously created road district shall be included within the limits of the road district created under the provision of this Act ***"

This applies to road districts established by the Commissioners' Court, as distinguished from those created by the Legislature by general or special law.

Articles 767d and 767e, Vernon's Revised Civil Statutes, prescribe the only manner in which a road district may be created, the territory of which includes within its limits any portion of a previously created road district which has road bonds outstanding. It will be noted that both of these articles contemplate that such previously created road district shall be fully and fairly compensated by the new district in an amount equal to the amount of the bonds outstanding against such included district. The pertinent parts of Article 767e read as follows:

"Where any road district includes within its limits a portion of any previously created road district * * * and which previously created road district * * * had road bond debts outstanding, power and authority is hereby conferred upon the newly created road district to issue bonds for the purchase of the roads within the previously created road district * * * and further construction of macadamized, graveled or paved roads and turnpikes in such subsequently created road district * * *".

We call your attention especially to the underscored language appearing in this article. This, we think, expressly provides

Hon. William C. McDonald, page 3

that any bonds voted and issued by a road district overlapping a previously created road district shall be issued for the purpose of purchasing such roads as may have been constructed by the previously created district, as well as for the purpose of further construction of roads within the area circumscribed by the new road district.

A rticle 752cc, above quoted, contains this phrase -- "but except as herein specifically permitted"-- and it is our opinion that such phrase has reference to Articles 767d and 767e, which, as stated above, provide the only manner in which a newly created road district may overlap the territory of a previously created road district which has bonds outstanding.

Accordingly you are advised that in our opinion a road district may be created and vote bonds therein within a road district which has already been established and which has bonds outstanding, but it must be in the manner prescribed by law and in conformity with Articles 767d and 767e.

Trusting that this satisfactorily answers your question, we are

Very truly yours

APPROVED FEB 15, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By /s/ Clarence E. Crowe
Clarence E. Crowe, Assistant

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

CEC-s:wb